# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Lydia Carlock and Nicolas Fabrizio, on behalf of themselves and all others similarly situated, <br><br>      Plaintiffs, <br><br>v. <br><br>Hudson Seafood Corporation d/b/a Hudson's Seafood House on the Docks; and John Doe 1-10, individually, <br><br>      Defendant. | Civil Action No. 9:18-cv-590-RMG <br><br>**ORDER AND OPINION** |

This Matter is before the Court on Plaintiffs' motion for an extension of time to respond to Defendants' Rule 68 Offer of Judgment. (Dkt. No. 9). For the reasons set forth below, the motion for an extension is denied.

## Background and Relevant Facts

Plaintiffs Lydia Carlock and Nicolas Fabrizio filed this action on March 1, 2018, as a Collective Action under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA"), and as a Rule 23 Class Action for violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et. seq. ("SCPWA"). (Dkt. No. 1). On March 14, 2018, counsel for Defendants sent a Rule 68 Offer of Judgment and checks to both named Plaintiffs purporting to fully compensate them for any claim they may have against Defendants. Pursuant to Rule 68, Plaintiffs' deadline to respond is Monday, April 2, 2018.[1] On March 23, 2018 counsel for Plaintiffs requested, via email, a fourteen (14) day extension to respond to the Offer; on that date,

---

[1] Fourteen days plus an additional three (3) days for service of the Offer by mail.

-1-

counsel for Defendants responded via email that he could not consent to the requested extension. (Dkt. No. 9 at 1-2.) Before the Court is Plaintiffs' motion for an extension of time of fourteen (14) days to respond to Defendants' Rule 68 Offer of Judgment. (Dkt. No. 9.) Defendants have filed a response in opposition. (Dkt. No. 11.)

## Legal Standard

Under Rule 68(a), "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." The purpose of a Rule 68 Offer of Judgment is to encourage settlement. *Marek v. Chesny*, 473 U.S. 1, 10 (1985) ("Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits."). A party has fourteen days from the date of service to respond to an Offer of Judgment. Pursuant to Rule 68(b), an Offer of Judgment that is not accepted within fourteen days is considered withdrawn.

## Discussion

Extending the period of time a Plaintiff has to accept an offer made pursuant to Rule 68 defeats, to some degree, the purpose of the rule, which is to encourage settlement by forcing both parties to think critically about the costs of protracted litigation. *See Staffend v. Lake Central Airlines, Inc.,* 47 F.R.D. 218, 219–20 (N.D.Ohio 1969) (holding that permitting an extension of time to accept would defeat the purpose of Rule 68). Nonetheless, some Courts have found that it may be appropriate to grant a motion for an extension of time to accept a Rule 68 Offer upon a showing of good cause pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. See *Pineda v. American Plastics Technologies, Inc.,* No. 12 Civ. 21145(EGT), 2014 WL 1946686, at *9 (S.D.Fla. May 15, 2014) (finding that extensions may be appropriate in some "particularly unique" cases but vacating its prior order granting an extension); *Wallert v. Atlan*,

No. 14 CIV. 4099 PAE, 2015 WL 518563, at *2 (S.D.N.Y. Feb. 5, 2015) (denying the request for a lengthy extension of the Rule 68 acceptance period but granting a modest extension of several days because the Court's Order would be issued after the expiration of the Rule 68 acceptance period). Under Rule 6(b), if a motion for an extension is made before the original time expires, the court may grant an extension for good cause shown.

Here, Plaintiffs have failed to show good cause under Rule 6(b) for this Court to extend the fourteen day period provided under the Federal Rules of Civil Procedure. Plaintiffs argue that they have shown good cause for an extension because their "request is based on Plaintiffs' counsels' need to research fully the issue of Plaintiffs' duties as Class Representatives under both the FLSA Collective Action and Rule 23 Class Action, after receiving Defendants' Rule 68 Offer of Judgment, and then advising Plaintiffs' of their rights and duties." (Dkt. No. 9 at 2.) The need to conduct additional research about this foreseeable issue falls short of the good cause needed for this Court to extend the fourteen-day acceptance period set forth in the Federal Rules of Civil Procedure.

## Conclusion

For the reasons set forth above, Plaintiffs' motion for an extension of time to respond to Defendants' Rule 68 Offer of Judgment (Dkt. No. 9) is denied.

**AND IT IS SO ORDERED.**

                s/Richard M. Gergel
                Richard Mark Gergel
                United States District Court Judge

March 30, 2018
Charleston, South Carolina