## SETTLEMENT AGREEMENT & RELEASE

This SETTLEMENT AGREEMENT & RELEASE ("**Agreement**") is entered into by and between Lydia Carlock and Nicolas Fabrizio (hereafter collectively referred to as "**Plaintiffs**") and Hudson Seafood Corporation ("**Defendant**"). Plaintiffs and Defendant are collectively referred to as the "**Parties**" in this Agreement, or they may be individually referred to as a "**Party**" in this Agreement.

**WHEREAS**, Plaintiffs are former employees of Defendant;

**WHEREAS**, on March 1, 2018, Plaintiffs commenced a lawsuit against Defendant in the United States District Court for the District of South Carolina, Beaufort Division, asserting causes of action for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("**FLSA**") and violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et seq. ("**Wage Act**");

**WHEREAS**, the lawsuit was assigned case number 9:18-cv-00590-RMG and shall be referred to as the "**Civil Action**" in this Agreement;

**WHEREAS**, in the Civil Action, Plaintiffs alleged Defendant failed to pay them minimum wage, failed to pay them overtime, and required them to tip-out to non-tipped employees;

**WHEREAS**, prior to Defendant Answering the Complaint, the Parties agreed upon a monetary settlement;

**WHEREAS**, the Parties are desirous of settling the differences between them in an amicable manner to avoid continued costs, expenses, and the uncertainty of future litigation;

**NOW, THEREFORE**, for and in consideration of the mutual promises hereinafter expressed, the Parties agree as follows:

*EXHIBIT #1*

1.  **Recitals**.  The above recitals are incorporated herein and are made a part of this Agreement.

2.  **Consideration**.   In exchange for Plaintiffs' promises in this Agreement, and for such other good and valuable consideration as provided in this Agreement, Defendant agrees to submit payment to Plaintiffs in the gross amount of Fifty Thousand Three Hundred Thirty-One and 18/100 ($50,331.18) Dollars[1] plus reasonable attorneys' fees and costs, as outlined in Section 3 below and in ruling on the motion captioned "Joint Motion Requesting Approval of Fair Labor Standards Act Settlement."  Defendant agrees to deliver the Consideration[2] to Plaintiffs' counsel within  fourteen (14) calendar days after the entry of the Court's written order approving the settlement of this case and after Plaintiffs sign and return this Agreement to Defendant's counsel.  No payment required by this Agreement shall be due unless and until the settlement set forth in this Agreement is approved by the Court and the Plaintiffs sign and return this Agreement to counsel for Defendant.

Plaintiffs acknowledge that the Consideration is sufficient to support this Agreement. Defendant makes no representations as to any income tax consequences to Plaintiffs for the Consideration.  Plaintiffs acknowledge that any future income tax consequences (including related penalties and interest) that may arise, either directly or indirectly, as a result of the Consideration will not provide a basis to set aside or in any way alter this Agreement.

Plaintiffs agree that they have received from Defendant all expenses, reimbursements, wages, benefits, and other compensation (including, but not limited to, any applicable minimum

---

[1]  The net amount of this sum is Forty-Two Thousand Three Hundred Eighty-One and 94/100 ($42,381.94) Dollars.
[2]  Within three (3) calendar days of the court's ruling on attorneys' fees and costs, Plaintiffs' counsel will email Defendant's counsel the breakdown of the amounts to be paid to the individual plaintiffs and his law firm, unless the court's order specifies these amounts.

wage, overtime, variable compensation, commissions, gratuities, wages, tips, bonuses, and/or leave pay) due to them for any and all services of any kind they performed during their employment with any of the Defendant. Plaintiffs further agree that they are not entitled to any additional reimbursements, wages, or compensation of any kind from Defendant.

3. **Claims for Attorney's Fees**. Defendant acknowledges that Plaintiffs are entitled to reasonable attorneys' fees and costs. The Parties have agreed to allow the court to decide this amount. Plaintiffs agree that they are not entitled to recover any additional attorneys' fees and costs beyond what is awarded by this court in this Civil Action.

4. **Release of Defendant**. Plaintiffs, on behalf of themselves and their assigns, agents, attorneys, and heirs, hereby fully release, remise, forever discharge, and acquit Defendant, its members, shareholders, officers, directors, principals, employees, affiliates, agents, attorneys, insurers, representatives, affiliates, parents, subsidiaries, successors, assigns, agents, and heirs, individually, jointly, and severally, from the causes of action in this Civil Action.

5. **Dismissal of the Action**. The Plaintiffs agree that they will undertake and perform all acts necessary to effectuate a dismissal with prejudice of all claims that were actually asserted in the Civil Action. It is understood and agreed that the terms of this Agreement are expressly conditioned upon the filing of a dismissal with prejudice of the Civil Action.

6. **Applicable Law**. This Agreement shall be construed, interpreted, and applied in accordance with the law of the State of South Carolina.

7. **Binding Effect**. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their heirs, predecessors, successors, affiliates, assigns, officers, attorneys, agents, or representatives.

8. **Knowing & Voluntary Agreement**.  The Parties acknowledge that they knowingly and voluntarily and with the assistance and advice of independent counsel entered into this Agreement.

9. **Representation of Counsel**.  The Parties agree that they have been represented in negotiations for, and the preparation of, this Agreement by counsel of their own choosing; that they have had this Agreement fully explained to them by counsel; and that they are fully aware of the contents and legal effect of this Agreement.

10. **Interpretation Presumption**.  The Parties represent and warrant to one another that each has, either through its respective duly authorized officers or legal counsel, actively participated in the negotiation and finalization of this Agreement, and in the event of a dispute concerning the interpretation of this Agreement, each party hereby waives the doctrine that an ambiguity should be interpreted against any party which may be construed as the preparer of this Agreement.

11. **Counterparts.**  This Agreement may be executed in two or more counterparts, all of which when taken together shall constitute one instrument.

12. **Amendments**.  This Agreement may only be amended, modified or supplemented by an agreement in writing signed by each Party hereto.

13. **Entire Agreement and Separability**.  This Agreement constitutes the entire agreement and understanding between the Parties and supersedes and abrogates all prior and contemporaneous oral and written agreements and understandings of any kind between the Parties to this Agreement.  The Parties also understand and agree that in the event any provision of this Agreement is deemed to be invalid or unenforceable by any court or administrative agency of

competent jurisdiction, the Agreement shall be deemed to be restricted in scope or otherwise modified to the extent necessary to render the same valid and enforceable.

  **IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as of the day and year below written.

WITNESSES:

_____

        **Lydia Carlock**

        Dated: _____, 2018

WITNESSES:

_____

        **Nicolas Fabrizio**

        Dated: _____, 2018

WITNESSES:

        **Hudson Seafood Corporation**

_____

        By: _____

        Its: _____

        Dated: _____, 2018