IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| LYDIA CARLOCK and NICOLAS FABRIZIO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HUDSON SEAFOOD CORPORATION., d/b/a HUDSON'S SEAFOOD HOUSE ON THE DOCKS; and JOHN DOE 1-10, individually,<br><br>Defendants. | CASE NO. 9:18-cv-00590-RMG<br><br><br><br><br><br>**ORDER ON MOTION FOR SETTLEMENT APPROVAL** |

This matter is before the Court on the Parties' joint motion for settlement approval. (Dkt. No. 15.) While the Parties have reached a monetary settlement, they have not reached an agreement on the amount of attorneys' fees and costs. Instead, the Parties have left this issue to the Court's determination.

## STATEMENT OF FACTS

Plaintiffs Lydia Carlock and Nicolas Fabrizio filed a Complaint against Defendant on March 1, 2018, asserting causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* ("Wage Act").

On April 5, 2018, the parties reached an agreement to settle the claims asserted in this lawsuit. Under the agreement, Defendant agrees to pay $50,331.18 to Plaintiffs to resolve this action. Of this total, Lydia Carlock is to receive $10,748.12, and Nicolas Fabrizio is to receive a total of $39,583.06. The Parties have agreed that Plaintiffs are entitled to "reasonable attorneys'

1

fees and costs." The Parties have further agreed to allow the Court to decide the amount of fees and costs to award.

## ANALYSIS

### I. APPROVAL OF SETTLEMENT

Parties are typically permitted to reach private settlements, but settlement agreements under the FLSA differ because they are not exclusively private transactions, *see Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay."), and because federal courts are charged with the responsibility of scrutinizing FLSA settlements for fairness, *see Lynn's Food Stores, Inc. v. United States ex rel U.S. Dep't of Labor, Emp't Standards Admin, Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching. *Id.* at 1354.

To determine whether to approve the proposed Settlement Agreement, the Court must consider (i) whether the award reflects a reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorneys' fees and costs is reasonable. Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement was fair and reasonable. *See, e.g., Saman v. LBDP, Inc.*, Civ. No. 12-1083, 2013 WL 2949047, at *2 (D. Md.

June 13, 2013); *Lomascolo v. Parsons Brinckerhoff, Inc.*, Civ. No. 1:08-1310, 2009 WL 3094955, at *1 (E.D. Va. Sept. 28, 2009).

There is a bona fide dispute because Plaintiffs allege Defendant failed to pay them certain wages in violation of the FLSA.

To determine whether a proposed FLSA settlement is fair and reasonable, the Court considers the following factors:

(1) the extent of discovery that has taken place;

(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3) the absence of fraud or collusion in the settlement;

(4) the experience of counsel who have represented the plaintiffs;

(5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and

(6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955, at*10. This Court has considered each of these factors.

This settlement was reached before any formal discovery took place, but extensive discovery is not always necessary to reach a reasonable settlement. Absent any evidence of fraud or collusion, this Court presumes none occurred. *Id.* at *12. Here, nothing suggests fraud or collusion. The Court is satisfied that Plaintiffs' counsel is competent to handle the settlement of this matter, based upon the Declaration Plaintiffs' counsel filed with the Court. Although the Court will not blindly follow counsel's opinion on a settlement's fairness and reasonableness, it will afford some weight to the opinion of Plaintiffs' counsel expressed in the joint motion for

approval. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). In the joint motion for settlement approval, Plaintiffs' counsel has represented that the settlement constitutes the full relief Plaintiffs could recover from Defendant should they prevail in this lawsuit. This Court further finds that the proposed settlement award will allow the parties to avoid continued costs, expenses, and the uncertainty of future litigation. The Court has considered the above factors and determined that the total settlement amount of $50,331.18 is fair and reasonable.

## II.    ATTORNEYS' FEES & COSTS

Next, the Court addresses the issues of attorneys' fees and costs. A prevailing party is entitled to an award of reasonable attorneys' fees and costs pursuant to the FLSA. 29 U.S.C. § 216(b). In calculating an award of attorneys' fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). In deciding what constitutes a "reasonable" number of hours and rate, the Fourth Circuit has instructed that a district court should be guided by the following twelve (12) factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978).

"[A]fter calculating the lodestar figure, the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Grissom*, 549 F.3d at 321 (internal

citations and quotations omitted). Finally, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002).

Plaintiff's attorney, Bruce Miller, claimed in his first affidavit that the lodestar calculation for his firm's work on this came to $12,969.50[1] plus an anticipated $1,635.00 to cover the attorneys' attendance at the settlement hearing and administration of the settlement and $546.98 to cover costs he advanced to Plaintiffs. (Dkt. No. 15-2 at 3–4.) Defendant Hudson Seafood filed a response in opposition to Mr. Miller's affidavit, argues that Mr. Miller's hourly rates were not reasonable and that the hours Mr. Miller's firm expended were not reasonable or necessary. Mr. Miller submitted a brief in reply (Dkt. No. 24), attaching his firm's invoice for the hours worked on this matter, including new, additional hours expended to litigate the issue of attorneys' fees. (Dkt. No. 24-1.) This Court has considered each of the *Barber* factors in light of the parties' submissions.

The Court has considered the experience, reputation and ability of Mr. Miller and his law firm; the skill required to bring this type of tip credit case; the significant amount in controversy; and the successful results obtained for Plaintiffs.[2] The Court has also considered Mr. Miller's expectations at the outset of the litigation and the novelty and difficulty of the questions raised, in particular the fact that Mr. Miller received a favorable settlement and was awarded fees by this Court in an identical matter resolved in December 2017. *See Carlin v. Hudson Seafood Corp.*; C/A: 9:17-cv-02638. The Court does not find that this litigation carried a high opportunity cost

---

[1] Mr. Miller represented that together, he, an associate, and a paralegal, billed 38.8 hours. (Dkt. No. 15-2 at 4.)
[2] The parties do not dispute that the settlement covers the full recover Plaintiffs could have expected to receive had they prevailed after prolonged litigation.

for Plaintiff's firm, that it was accompanied by burdensome time limitations, or that the case was particularly undesirable within this legal community. The parties primarily dispute whether the billing rates Mr. Miller has used in his fee calculation were reasonable and whether the time and labor expended on this lawsuit were reasonable.

### A. Hourly Rate

"[D]etermination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* (emphasis added); *see Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984) (fee applicant must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates" align with prevailing rates).

"[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 179 (4th Cir. 1994). "The market rate should be determined by evidence of what attorneys earn from paying clients for similar services in similar circumstances, which, of course, may include evidence of what the plaintiff's attorney actually charged his client." *Depaoli v. Vacation Sales Assocs., LLC*, 489 F.3d 615, 622 (4th Cir. 2007) (internal quotation marks and citation omitted) (emphasis added). A district court abuses its discretion by awarding the hourly rates requested by the fee applicant in the absence of "satisfactory specific evidence of the prevailing market rates." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *Plyler*, 902 F.2d at 277.

6

Plaintiffs ask this Court to award reasonable attorneys' fees based upon the hourly rates set forth in the Declaration. The Declaration sets forth the following hourly rates: $425 for lead counsel, $250 for associate counsel, and $180 for a paralegal. (Dkt. No. 15-2 at 4.) The Court finds that these rates are reasonable for the work performed in this District for FLSA matters. *See South Carolinians for Responsible Government v. Krawcheck*, 2012 WL 2830274 (D.S.C. June 9, 2012) (approving hourly rates of $425, $385, and $275); *Savani v. URS Prof'l Solutions LLC*, 2014 WL 172503 (D.S.C. Jan. 15, 2014) (allowing $400 hourly rate and total fees of $729,000 in employment case).

B.    Number of Hours Reasonably Expended

Specifically, Defendant argues that this Court should not award Plaintiff fees for time spent drafting of the Motion for Class Certification and in moving for additional time to respond to Defendant's Rule 68 Offer of Judgment (Dkt. No. 9). The Court agrees. Plaintiffs' motion for conditional class certification and motion for an extension of time to respond to the offer of judgment were not successful and were of no benefit to the Plaintiffs. Consequently, Plaintiff' counsel are not entitled to fees for time expended on those issues.

The invoice submitted indicates that Plaintiffs' counsel billed a total of $4673 to litigate the issue of attorneys' fees, beginning with its receipt and review of Defendant's memorandum in opposition to attorneys' fees (invoice entry of May 2, 2018). The total balance of Plaintiffs' counsel's invoice not including fees associated with the dispute about attorneys' fees comes to $13,612.98.[3] Of this total, Plaintiffs' counsel billed 39% (or $5,332) for time associated with the motion for class certification and the Rule 68 Offer of judgment. The Court therefore finds it appropriate to award Plaintiffs' counsel $2,850.53 in fees associated with the attorneys' fee

---

[3] $18,285.98 (Plaintiff's Counsel's invoice total, Dkt. No. 24-1 at 6) minus $4,673 (fees associated attorney fee dispute) equals $13,612.98.

7

dispute (the amount requested, $4673 reduced proportionally by 39%, as a reasonable estimate of the portion of the fee effort associated with those unsuccessful issues). The Court has calculated the total fees and costs, below:

**Fee Calculation**

$13,612.98 (invoice total not including fee dispute)

- $1,690 (fees associated with motion for class certification)

- $3,642 (fees associated with Rule 68 Offer of Judgment)

+$2,850.53 (fees awarded in connection with fee dispute)

+ $1,635 (Plaintiffs' counsel's anticipated fee for settlement hearing and administration)

+ $546.98 (costs)

_____

= **$13,313.49 Total Fees/Costs Awarded to Plaintiffs**

### III.   CONCLUSION

For the foregoing reasons, the joint motion to approve settlement (Dkt. No. 15) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**. Plaintiff's Counsel is awarded attorney's fees and costs of $13,313.49. The court understands that Plaintiffs' counsel has an agreement with Plaintiffs to collect 40% of the total settlement in this case. The Court leaves calculation of that contractual obligation to the parties to the contract.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

May \_\_\_18\_\_\_, 2018
Charleston, South Carolina.